### PEOPLE ex rel. MARKELL v. FRENCH et al., Police Commissioners.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

1. POLICE OFFICER—DISCHARGE—REVIEW ON CERTIORARI.

An officer accused before the police commissioners of drunkenness, made excuse that the intoxication was caused by his taking a physician's prescription. The physician testified that the things admittedly done by the officer would not account for his condition at the time in question. *Held* that, there being sufficient evidence to support the charge of intoxication, the conclusion of the commissioners should not be disturbed.

2. SAME—APPELLATE JURISDICTION.

In cases of trials before police commissioners the power of the court to reverse the proceedings is limited to those cases where there is no evidence to support the conclusion arrived at, or, if there is some evidence, the preponderance is so great against such conclusion that, if it were the verdict of a jury, such verdict would be set aside as against the evidence.

*Certiorari* by William L. Markell to review the action of Stephen B. French and others, police commissioners, in dismissing the relator from the police force. Writ dismissed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*MacKinley & Astarita,* (*Edward MacKinley,* of counsel,) for appellant. *William H. Clark,* Corp. Counsel, (*John J. Delany* and *Cornelius T. Collins,* of counsel,) for respondents.

PER CURIAM. It is a familiar principle governing the disposition of cases such as the one at bar that the power of the court to reverse the proceedings is limited to those cases where there is no evidence to support the conclusion arrived at, or, if there is some evidence, the preponderance of proof is so great against such conclusion that, if it were the verdict of a jury, such ver-

dict would be set aside as against the evidence. In the case at bar the relator was accused of drunkenness, and the strong preponderance of evidence seems to have been in favor of that conclusion. The excuse made by the relator, that he became intoxicated by taking the prescription of a doctor, does not seem to be at all substantiated by the evidence; his own physician being called as a witness, and virtually testifying that those things which the relator admitted having done would not account for the condition in which he undoubtedly was at the time in question. There was therefore no preponderance of evidence against the conclusion arrived at by the respondents on the trial, but on the contrary the weight of evidence seems to be in accordance with such conclusion. The writ should be dismissed, with costs.

All concur.